UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | 5:18-CR-081-JMH-MAS |
| | ) | |
| ANDREI-CATALIN STOICA, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-CR-010-JMH-MAS |
| | ) | |
| v. | ) | |
| | ) | |
| BENIAMIN-FILIP OLOGEANU, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

The Defendants in the above-captioned criminal actions are all charged for various crimes for their alleged roles in the Alexandria Online Auction Fraud Network {"AOAF") conspiracy. The United States has moved to consolidate the actions, *United States v. Stoica, et al.*, No. 5:18-CR-081-JMH-MAS [DE 196, Motion to Consolidate], and *United States v. Ologeanu, et al.*, No. 5:19-CR-010-JMH-MAS [DE 105, Motion to Consolidate], pursuant to Federal Rule of Criminal Procedure 13.

One of the Defendants in the *Ologeanu* case responded in opposition to the motion to consolidate, arguing that the government failed to meet its burden to demonstrate that consolidation is appropriate in this matter. [DE 107, Ologeanu Response in Opposition]. The government did not reply to the response in opposition and the time for a reply has passed.

Ultimately, after reviewing the motions, a facial review of the indictments in both actions reveals that all Defendants are charged as members of the same vast conspiracy. Thus, the Defendants could have been charged in a single indictment. As a result, the motion to consolidate in *Stoica* is **GRANTED**, the motion to consolidate in *Ologeanu* is rendered moot by the granting of the motion in *Stoica* and is **DENIED AS MOOT,** and the above-captioned matters are **CONSOLIDATED** pursuant to Federal Rule of Criminal Procedure 13.

**I. Analysis**

Pursuant to Rule 13, consolidation of trial is appropriate in a criminal case "if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. 13. Thus, a court may consolidate two criminal actions if the defendants could have been charged in a single indictment under Rule 8. Under Rule 8(b), a single indictment may charge multiple defendants "if they are alleged to have participated in the same

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Joinder of multiple defendants pursuant to Rule 8(b) is appropriate "only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997). A group of acts or transactions constitutes a series of acts or transactions if they are "logically interrelated." *Id.*

Here, the government's motions leave something to be desired in terms of supportive argumentation. Both motions simply state that since both sets of Defendants have been charged in the AOAF Network scheme that they could have all been charged in the same indictment. [*See* DE 196 at 2, Pg ID 2205; DE 105 at 2, Pg ID 357]. The government makes little effort to point to specific information in the indictments to support its request for consolidation and fails to address why the *Stoica* Defendants and *Ologeanu* Defendants were charged in separate indictments in the first place.

Still, review of the indictments is instructive. A facial review of the relevant indictments in both cases reveals that the counts against all Defendants arise from the same series of logically interrelated acts and transactions. The *Stoica* and *Ologeanu* indictments charge that both sets of Defendants participated in the AOAF Network conspiracy, as part of an alleged

3

uniform and complex online fraud scheme. [*See* DE 1, *Stoica* Indictment, at 2-3, Pg ID 2-3; DE 34, *Ologeanu* Superseding Indictment, at 1-2, Pg ID 121-22].

Specifically, both indictments allege that the Defendants operated a vast network based principally in Alexandria, Romania, with other locations in Europe and the United States. [DE 1 at 3, Pg ID 3; DE 34 at 2, Pg ID 122]. Additionally, both indictments claim that the AOAF Network used online auction websites, such as eBay, Craigslist, Amazon, and Autotrader, to perpetuate the fraud by posting false online advertisements for goods and services. [DE 1 at 3, Pg ID 3; DE 34 at 2, Pg ID 122]. Furthermore, the indictments assert that the fraud was perpetuated and coordinated by all Defendants in the AOAF Network by requiring victims to make payments using prepaid debit and gift cards. [DE 1 at 3-4, Pg ID 3-4; DE 34 at 2-3, Pg ID 122-23]. Then, the proceeds were allegedly laundered by the AOAF Network by converting the currency to Bitcoin, transferring the Bitcoin to members of the network in Eastern Europe, and then converting the currency back into fiat or government-issued currency. [DE 1 at 3-4, Pg ID 3-4; DE 34 at 2-3, Pg ID 122-23]. Lastly, both indictments describe the alleged roles that each Defendant played in the AOAF Network, address the purpose of the common enterprise, and discuss overt acts of the individual Defendants in furtherance of the conspiracy.

As such, the Defendants in both actions were involved in a series of logically interrelated acts and transactions in furtherance of one larger conspiracy and, as a result, could have all been charged in the same indictment.

Ologeanu does not agree. Ologeanu contends that "there is no allegation that the *Stoica* and *Ologeanu* defendants were associated or acquainted with each other." [DE 107 at 3, Pg ID 367]. To the contrary, the government charges that all the Defendants in the above-captioned actions were associated because they participated in the same conspiracy. The fact that these Defendants operated in different physical locations and played different roles in the scheme is of no moment because the indictments contend that they all engaged in the same online conspiracy, using similar means to perpetuate the fraudulent scheme and to launder the illegal proceeds of their efforts. One need not have direct contact with the other co-conspirators or even know the existence of all the co-conspirators in order to participate in the same conspiracy or share the same criminal purpose. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) ("As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, *it is not essential that a conspirator know all other conspirators*." (emphasis added)).

Ologeanu's arguments about prejudice are also unpersuasive at this juncture. No doubt, consolidation of multiple (read many)

5

defendants into one trial may raise or heighten concerns about undue prejudice or irreconcilable differences at trial. Moreover, there are serious concerns about the practicalities of trying all these Defendants in a single criminal trial based on courthouse space alone. Still, the sheer size of the pool of Defendants in this matter does not automatically necessitate a finding that Ologeanu will be prejudiced if tried alongside other Defendants. More important, Ologeanu has failed to point to any specific way in which he may be prejudiced, other than speculative concerns that the jury may use information presented against other Defendants to convict him. But, at present, since this matter is still in discovery, it is unclear how many or which Defendants will eventually proceed to a consolidated jury trial. Ultimately, Ologeanu's concerns are valid and well-taken, but Ologeanu has not demonstrated a substantial likelihood of prejudice at this juncture that will prevent consolidation of these matters.

Finally, consolidation of these criminal matters will conserve judicial resources and promote efficiency. As the government notes, the United States would use many of the same witnesses and produce much of the same evidence under both indictments. Additionally, trying all these Defendants in one proceeding will preserve the Court's resources seeing as the same Coordinating Discovery Attorney is assisting with the organization and dissemination of discovery in both cases.

In sum, a review of both indictments in these actions indicates that the Defendants could all have been charged in the same indictment, which supports consolidation of these criminal cases. The indictments allege that the Defendants were part of the same conspiracy to use false advertisements for goods and services on online auction websites to lure unwary consumers into paying for goods and services that did not exist and then launder the proceeds of the false transactions by converting the currency into Bitcoin that could then be converted back into fiat currency. As a result, the indictments charge the Defendants with the same series of actions and transactions that are logically related to the common enterprise and goals of the AOAF Network conspiracy, justifying consolidation of the actions under Federal Rule of Criminal Procedure 13.

Accordingly, **IT IS ORDERED** as follows:

(1) The Motion to Consolidate [DE 196 in *Stoica*, No. 5:18-cr-081-JMH-MAS] is **GRANTED**;

(2) The above-captioned criminal actions, *United States v. Andrei-Catalin Stoica, et al.*, No. 5:18-cr-081-JMH-MAS, and *United States v. Beniamin-Filip Ologeanu, et al.*, No. 5:19-cr-010-JMH-MAS, are henceforth **CONSOLIDATED**;

(3) The Clerk of the Court **SHALL** transfer and enter the record entries and information pertaining to attorneys of record from *United States v. Beniamin-Filip Ologeanu, et al.*, No. 5:19-

cr-010-JMH-MAS into the record of the lead case, *United States v. Andrei-Catalin Stoica, et al.*, No. 5:18-cr-081-JMH-MAS;

(4) All future filings must be made in the lead case, *United States v. Andrei-Catalin Stoica, et al.*, No. 5:18-cr-081-JMH-MAS;

(5) The Motion to Consolidate [DE 105 in *Ologeanu*, No. 5:19-cr-010-JMH-MAS] is **DENIED AS MOOT**; and

(6) The Clerk of the Court **SHALL STRIKE** *United States v. Beniamin-Filip Ologeanu, et al.*, No. 5:19-cr-010-JMH-MAS from the Court's active docket.

This the 5th day of June, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge